UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CORRION,

       Petitioner,

v.                                                     Case Number 10-10593
                                                      Honorable David M. Lawson

BRIAN LAFLER,

       Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

       The petitioner, John Corrion, presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted on a guilty plea in the Livingston County Circuit Court for assault with intent to do great bodily harm less than murder and sentenced to a term of imprisonment of six to ten years. The habeas petition raises eleven claims including that the guilty plea was involuntary, petitioner was denied the ineffective assistance of counsel at trial and the right to counsel on appeal, the prosecutor committed misconduct by relying on false witness testimony, the petitioner was denied due process at sentencing, and petitioner's resentencing after he violated the terms of his probation subjected him to double jeopardy.

       Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that the petitioner has failed to show that any decision of a state court relating to his claims was contrary to or an unreasonable application of clearly established federal law, and that reasonable jurists could not debate the Court's conclusions as to any of the issues that the petitioner raises.  The Court therefore will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated:   April 11, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 11, 2013.

                        s/Deborah R. Tofil  
                        DEBORAH R. TOFIL